**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4384**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RONNIE DOUGLAS BURR, JR.,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cr-00362-CCE-1)

Submitted:  June 5, 2017          Decided:  June 9, 2017

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Clifton T. Barrett, Michael F. Joseph, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Douglas Burr, Jr., appeals his within-Guidelines sentence of 240 months in prison after his guilty plea to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 (2012). On appeal, he contends that the district court "should have given the guideline for pseudoephedrine less deference than other guidelines because it is deeply flawed and undermines important goals of sentencing."[*] We affirm.

When reviewing a criminal sentence, we must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). If there is no procedural error, we review the substantive reasonableness of the sentence for abuse of discretion, applying a presumption of reasonableness to a sentence that is within the Guidelines range. *United States v. Davis*, 855 F.3d 587, 593 (4th Cir. 2017).

---

[*] Burr has also filed pro se motions to file a supplemental brief and for substitute counsel to file an amended brief to raise ineffective assistance of counsel claims. We deny the motions. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (citation omitted). "Because there is no conclusive evidence of ineffective assistance on the face of this record," Burr's pro se claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508 (citation omitted). Moreover, because Burr is represented by counsel who filed a merits brief, and the appeal is not submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967), he is not entitled to file a pro se supplemental brief. *See United States v. Hare*, 820 F.3d 93, 106 n.11 (4th Cir.), *cert. denied*, 137 S. Ct. 224, *reh'g denied*, 137 S. Ct. 460 (2016); *United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

While the Guidelines "remain the starting point and the initial benchmark for sentencing," *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (internal quotation marks and citations omitted), district courts "may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views," *Peugh v. United States*, 133 S. Ct. 2072, 2087 (2013) (internal quotation marks and citation omitted). Moreover, "[a]lthough a sentencing court may be entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data, it is under no obligation to do so." *United States v. Rivera-Santana*, 668 F.3d 95, 101 (4th Cir. 2012) (citations omitted). Here, it is clear from the record that the district court knew that it could vary from the Guidelines range, but it declined to do so. The district court explained that it had considered Burr's arguments for a downward variance or departure based on the way that pseudoephedrine and methamphetamine are treated under the Guidelines, but it found that a variance or departure was not appropriate based on the particular facts of this case.

Accordingly, we deny the pending motions and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*